BERNARD HENKS, Respondent, *v.* AUGUST DEBERTSHAUSER, Appellant.

### March 7, 1876.

A justice of the peace in St. Charles county has not jurisdiction of a suit to recover a horse alleged to be worth $75, and $50 for the detention of it.

APPEAL from St. Charles Circuit Court.

*Reversed.*

*Lackland & Broadhead*, for appellant, cited: Wag. Stat. 817, secs. 1, 2, p. 809, sec. 3, p. 850, sec. 18; Webb *v.* Tweedie, 30 Mo. 488, 491; Clark *v.* Smith, 39 Mo. 498; Henderson *v.* Henderson, 55 Mo. 534; Hannibal

& St. Jo. R. R. Co. v. Mahoney, 42 Mo. 467; Glasby v. Prewitt, 26 Mo. 121; Patrick v. Abeles, 27 Mo. 184; Stone v. Corbett, 20 Mo. 350, 354; Williams v. Bower, 26 Mo. 601; Spencer & Husband v. Vance, 57 Mo. 428; State v. Metzger, 26 Mo. 65; Hamberger v. Pacific R. R. Co., 43 Mo. 191; McCloon v. Beattie, 46 Mo. 391.

*Charles Dandt*, for respondent.

GANTT, P. J., delivered the opinion of the court.

Henks sued Debertshauser, before a justice of the peace, for the recovery of a horse alleged to be worth $75, and $50 for detention of it. There was judgment for Henks before the justice, and again on appeal in the Circuit Court, whence Debertshauser appealed to this court.

Appellant makes several points on which he relies for a reversal of the judgment, one of which goes to the jurisdiction of the justice.

This was an action for the recovery of specific personal property. The jurisdiction of a justice of the peace is declared (Wag. Stat., sec. 3, p. 808) to be concurrent with the Circuit Court in " all actions for the recovery of specific personal property, not exceeding the value of $100, alleged to be wrongfully detained, and damages for injuries thereto, or for the taking and detention, or detention thereof, not exceeding $25."

Inasmuch as jurisdiction is " the right to hear and determine a cause" (*United States* v. *Arredondo*, 6 Pet. 691–709, for the remark of Judge Baldwin), and, consequently, it is the claim as presented, not the claim as decided or allowed, which is the measure of the power of the court, it follows that the justice had no jurisdiction of the cause which is brought before us on appeal. This ruling renders all other examination of the record unnecessary. The judgment of the Circuit Court is reversed, all the judges concurring.